**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (Bar No. 144074)
*dalekgalipo@yahoo.com*
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORRALES; ERICA ORTIZ; ENRIQUE CARRANZA; and BULMARO CARRANZA, individually, | CASE No.: |
| Plaintiffs, | **PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | 1. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Excessive Force) |
| CITY OF LOMPOC; HENRY STRONG; DANIEL GARZA; GABRIEL MOLINA; and DOES 1-10, inclusive, | 2. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Denial of Medical Care) |
| Defendants. | 3. 42 U.S.C. § 1983 (Unreasonable Search and Seizure – Detention and Arrest) |

4. 42 U.S.C. § 1983 (Failure to Intervene)
5. 42 U.S.C. § 1983 (Municipal Liability – Unconstitutional Custom, Practice, or Policy)
6. 42 U.S.C. § 1983 (Municipal Liability – Failure to Train)
7. 42 U.S.C. § 1983 (Municipal Liability – Ratification)
8. False Arrest/Imprisonment
9. Battery
10. Negligence
11. Intentional Infliction of Emotional Distress
12. Negligent Infliction of Emotional Distress

1

13. Violation of the Bane Act

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs JESUS CORRALES, ERICA ORTIZ, ENRIQUE CARRANZA, AND BULMARO CARRANZA for their Complaint against CITY OF LOMPOC; HENRY STRONG; DANIEL GARZA; GABRIEL MOLINA; and DOES 1-10, inclusive and hereby alleges as follows:

## INTRODUCTION

1.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California law in connection with the unreasonable and excessive use of force against Plaintiff JESUS CORRALES ("CORRALES") on August 16, 2020.

## THE PARTIES

2.     At all relevant times, Plaintiff CORRALES is an individual residing in Santa Barbara County, California. CORRALES seeks damages under federal and state law.

3.     At all relevant times, Plaintiff ERICA ORTIZ ("ORTIZ") is an individual residing in Santa Barbara County, California.  ORTIZ seeks damages under state laws.

4.     At all relevant times, Plaintiff ENRIQUE CARRANZA is an individual residing in Santa Barbara County, California. ENRIQUE CARRANZA seeks damages under state laws.

5.     At all relevant times, Plaintiff BULMARO CARRANZA is an individual residing in Santa Barbara County, California. BULMARO CARRANZA seeks damages under state laws.

6.     Defendant David Garza ("GARZA") is and/or was at all times pertinent hereto, a sworn law enforcement officer. Specifically, said defendant was acting under color of law in the course and scope of his duties as a police officer employed by the Lompoc Police Department. GARZA was acting with the complete authority and ratification of his principal, Defendant City of Lompoc ("CITY"), at all relevant times.

7.     Defendant Henry Strong ("STRONG") is and/or was at all times pertinent hereto, a sworn law enforcement officer. Specifically, said defendant was acting under color of law in the course and scope of his duties as a police officer employed by the Lompoc Police Department. STRONG was acting with the complete authority and ratification of his principal, Defendant CITY, at all relevant times.

8.     Defendant MOLINA is and/or was at all times pertinent hereto, a sworn law enforcement officer. Specifically, said defendant was acting under color of law in the course and scope of his duties as a police officer employed by the Lompoc Police Department. MOLINA was acting with the complete authority and ratification of his principal, Defendant CITY, at all relevant times.

9.     Defendant CITY is a municipal corporation existing under the law of the State of California, and a political subdivision of the State of California that is within this judicial district.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the LOMPOC POLICE DEPARTMENT ("LPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that actions, omissions, policies, procedures,

practices, and customs of the CITY, LPD, and its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, CITY was the employer of Defendants GARZA, STRONG, MOLINA, and DOES 1-10.

10.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, are officers for the LPD.  At all relevant times, these Defendants were acting under color of law within the course and scope of their duties as LPD officers. At all relevant times, GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, were acting with the complete authority and ratification of their principal, Defendant CITY.

11.   Defendants DOES 9-10, inclusive, are managerial, supervisorial, or policymaking employees of the CITY/LPD who were acting under color of law within the course and scope of their duties as supervisorial officers for the LPD.  DOES 9-10, inclusive, were acting with the complete authority and ratification of their principal, Defendant CITY.

12.   Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs will amend the complaint to allege the true names and capacities of those defendants when the same has been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

13.   On information and belief, DOES 1-10, inclusive, were at all relevant times residents of the City of Lompoc.

14.   Plaintiffs are informed and believe, and on that basis allege, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants or representatives of each other and, in doing the

activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

15.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein all Defendants acted under color of law, statute, ordinance, regulations, customs and usages of the State of California and the CITY.

16.     Defendants GARZA, STRONG, MOLINA, and DOES 1-10 are sued in their individual capacity.

17.     On or around February 11, 2021, Plaintiffs filed comprehensive and timely claims for damages with the City of Los Angeles pursuant to applicable sections of the California Government Code.

18.     On February 17, 2021, the CITY rejected Plaintiffs' claims.

## JURISDICTION AND VENUE

19.     The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.

20.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

21.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 21, inclusive, as if fully set forth herein.

23.     On August 16, 2020, at or around 421 South U Street, Lompoc, California, Plaintiff CORRALES heard commotion outside his residence and walked outside to see what was happening.

24.     While acting under color of state law and in the course and scope of their duties as police officers for the Lompoc Police Department, Lompoc Police Officers STRONG and GARZA used excessive and unreasonable force against Plaintiff CORRALES when they deployed their police K9 and Taser on Plaintiff CORRALES. At all relevant times, Plaintiff CORRALES was unarmed, was not assaulting or attempting to assault the officers, was not threatening the officers or any other person, and was merely inquiring as to why the Lompoc police officers were outside his home.

25.     Following the deployment of the K9, Defendants GARZA and STRONG failed to timely release the K9 from the bite.

26.     Following the deployment of the K9, GARZA and STRONG deployed Taser on Plaintiff CORRALES who was already on the ground and being attacked by the K9.

27.     Defendants GARZA, STRONG, MOLIA, and DOES 1-8 failed to provide timely medical care for Plaintiff CORRALES.

28.     Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, ("DOE OFFICERS") caused various injuries herein by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident.

29.     Plaintiff CORRALES suffered serious bodily injury as a direct and proximate result of the actions of Defendants GARZA, STRONG, MOLINA, and CITY.  Defendants GARZA, STRONG, MOLINA, CITY and

DOES 1-10, inclusive, are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.  Defendant CITY is also vicariously liable for the acts and omissions of Defendants GARZA, STRONG, MOLINA, and DOES 1-10, inclusive, pursuant to Cal. Govt. Code §§ 820 and 815(a).

30.   Plaintiff CORRALES's mother, Plaintiff ORTIZ, and two brothers, Plaintiffs ENRIQUE CARRANZA and BULMARO CARRANZA, witnessed the incident involving CORRALES and suffered severe emotional distress as a result.

31.   Defendants CITY and DOES 9-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

32.   Plaintiffs seek compensatory and punitive damages from Defendants CITY, GARZA, STRONG, MOLINA, AND DOES 1-10, inclusive, for violating various rights under the United States Constitution and California law in connection with the use of excessive and unreasonable force.

33.   Plaintiff CORRALES seeks damages for his past and future pain and suffering including, but not limited to: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity.  Plaintiff CORRALES also seeks reasonable attorneys' fees and costs.

34.   Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA seek damages for their emotional distress.

/ / /

/ / /

/ / /

## **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(By PLAINTIFF CORRALES against GARZA, STRONG, MOLINA, and DOES 1-8, inclusive)

35.   Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 34, inclusive, as if fully set forth herein.

36.   The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by police officers.

37.   When Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, arrived at Plaintiff CORRALES'S home in the City of Lompoc on August 16, 2020, Plaintiff CORRALES was unarmed and not threatening any person at the time, including Defendants.

38.   Plaintiff CORRALES made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the Defendants GARZA, STRONG, MOLINA, and DOES 1-8 that Plaintiff CORRALES was attempting, willing, or intending to inflict harm to anyone.  Shortly thereafter, Defendant GARZA unleashed his police K9 on Plaintiff CORRALES, which was a show of force sufficient to effectuate a seizure of Plaintiff CORRALES.

39.   Further, while Defendants GARZA, STRONG, MOLINA, and DOES 1-8 deployed the police K9 to bite Plaintiff CORRALES, they simultaneously deployed a taser against Plaintiff CORRALES and tased him for an extended period of time.

40.   Throughout the incident, Plaintiff presented no immediate threat of death or serious bodily injuries to any officer or other person.

41.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8 caused various injuries as mentioned herein by integrally participating or failing to

intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Defendants' acts and omissions deprived Plaintiff CORRALES of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff CORRALES under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

42. As a direct result of the aforesaid acts and omissions of Defendants GARZA, STRONG, MOLINA, and DOES 1-8, Plaintiff CORRALES suffered great physical and mental injury, as well as fear and emotional distress related to his physical injuries.

43. The conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff CORRALES and warrants the imposition of exemplary and punitive damages in an amount according to proof.

44. Defendants GARZA, STRONG, MOLINA, and DOES 1-8 were acting under color of state law and within the course and scope of their employment as law enforcement officers for the CITY.

45. Plaintiff CORRALES seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim. Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

9

### SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(By PLAINTIFF CORRALES against GARZA, STRONG, MOLINA, and DOES 1-8, inclusive)

61.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 60 of the Complaint with the same force and effect as if fully set forth herein.

62.   After being attacked by the police K9, Plaintiff CORRALES was immobile, bleeding, and in obvious and critical need of emergency medical care and treatment.  Defendants GARZA, STRONG, MOLINA, and DOES 1-8 did not timely summon medical care or permit medical personnel to treat Plaintiff CORRALES.  The delay of medical care to Plaintiff CORRALES caused Plaintiff CORRALES extreme physical and emotional pain and suffering and was a contributing cause and extent of Plaintiff CORRALES'S injuries.

63.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, after observing Plaintiff CORRALES fall to the ground and suffer several bites from the K9, refused to order the K9 to release his bite, even though officers were simultaneously tasing Plaintiff CORRALES as well. After a significant period of time elapsed, the K9 released his bite and Plaintiff CORRALES laid on the ground, in obvious need of medical attention. Defendants GARZA, STRONG, MOLINA, and DOES 1-8 refused to timely summon medical care for Plaintiff CORRALES. Upon arrival to the hospital, Plaintiff CORRALES had to receive emergency sutures to treat the gaping and complex wounds inflicted by the K9.

64.   The denial of medical care by the Defendants GARZA, STRONG, MOLINA, and DOES 1-8 deprived Plaintiff CORRALES of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

65.    As a result of the foregoing, Plaintiff CORRALES suffered great physical pain, mental anguish, emotional distress, loss of quality of life, embarrassment, impairment, disfigurement, and loss of earning capacity.

66.    Defendants GARZA, STRONG, MOLINA, and DOES 1-8 knew that failure to provide timely medical treatment to Plaintiff CORRALES could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff CORRALES great bodily harm, physical pain, mental anguish, emotional distress, impairment, disfigurement, and loss of quality of life.

67.    The conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff CORRALES and therefore warrants the imposition of exemplary and punitive damages as to Defendants GARZA, STRONG, MOLINA, and DOES 1-8.

68.    As a result of their misconduct, Defendants GARZA, STRONG, MOLINA, and DOES 1-8 are liable for Plaintiff CORRALES'S injuries, either because they were integral participants in the excessive use of force and denial of medical care, or because they were integral participants and/or failed to intervene to prevent these violations.

69.    Plaintiff CORRALES seeks damages for his past and future pain and suffering including but not limited to: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

11

### **THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiff CORRALES against ALL DEFENDANTS)

70.     Plaintiff CORRALES repeats and re-alleges each and every allegation contained in paragraphs 1 through 69 of this Complaint with the same force and effect as if fully set forth herein.

71.     The Fourth Amendment of the United States Constitution, applied to state actors by the Fourteenth Amendment, guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

72.     Defendants GARZA, STRONG, MOLINA, and DOES 1-8 acted under the color of law at all relevant times.

73.     When Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, arrived at Plaintiff CORRALES's home in the City of Lompoc on August 16, 2020, Plaintiff CORRALES was unarmed and not threatening any person at the time, including Defendants.

74.     Plaintiff CORRALES made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to the Defendants GARZA, STRONG, MOLINA, and DOES 1-8 that Plaintiff CORRALES was attempting, willing, or intending to inflict harm to anyone.  Shortly thereafter, without reasonable suspicion or probable cause to detain Plaintiff CORRALES, Defendant GARZA unleashed his police K9 on Plaintiff CORRALES, which was a show of force sufficient to effectuate a seizure of Plaintiff CORRALES and such seizure was unreasonable.

75.     The conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 violated Plaintiff CORRALES's right to be free from unreasonable search and seizure, guaranteed to Plaintiff CORRALES United States Constitution.

76.     Defendants GARZA, STRONG, MOLINA, and DOES 1-8 are liable to Plaintiff CORRALES for his injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

77.     The actions of GARZA, STRONG, MOLINA, and DOES 1-8 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages.

78.     Plaintiff CORRALES seeks damages for his past and future pain and suffering including but not limited to: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

## FOURTH CLAIM FOR RELIEF

### Failure to Intervene – (42 U.S.C. § 1983)

(By PLAINTIFF CORRALES against STRONG, MOLINA, and DOES 1-8)

79.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 78, inclusive, as if fully set forth herein.

80.     Defendants STRONG, MOLINA, and DOES 1-8 knew and understood that Plaintiff CORRALES was being subjected to a deprivation of his constitutional rights when Defendant GARZA unleashed his police K9 on Plaintiff CORRALES. Defendants STRONG, MOLINA, and DOES 1-8 were in the position to, and had the duty and authority to, intervene to prevent the wrongdoing committed against Plaintiff CORRALES by Defendant GARZA.

81. As a direct and proximate result of Defendant STRONG, MOLINA, and DOES 1-8's failure to intervene, Plaintiff CORRALES has incurred substantial emotional and physical harm.

82. On reason and belief, Defendants GARZA, STRONG, MOLINA, and DOES 1-8 decided to unleash the police K9 on Plaintiff CORRALES without justification and intended to cause Plaintiff CORRALES serious bodily injury, even though Plaintiff CORRALES did not pose a threat to anyone and was unarmed.

83. Plaintiff CORRALES seeks damages for his past and future pain and suffering including but not limited to: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim. Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(By PLAINTIFF CORRALES against CITY; and DOES 9-10, inclusive)

84. Plaintiff CORRALES repeats and re-alleges each and every allegation of paragraphs 1 through 83, inclusive, as if fully set forth herein.

85. Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, acted under color of state law.

86. Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the Defendants CITY, and DOES 9-10, inclusive.

87. On information and belief, Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, were not disciplined, reprimanded, retrained,

14

suspended, or otherwise penalized in connection with the deprivation of Plaintiff's rights.

88.     Defendants CITY, and DOES 9-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive and unreasonable force, including deadly force on unarmed persons who do not pose a risk of imminent death or serious bodily injury to others.

(b)     Providing inadequate training regarding the use of force, including the use of K9s and deadly force.

(c)     Employing and retaining as police officers, individuals such as Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, who Defendants CITY, and DOES 9-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement officers, and other personnel, including Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, who Defendant CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by law enforcement officers of the CITY.

(f)     Failing to adequately discipline CITY law enforcement officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist,"

15

discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(g)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other officers' errors, misconduct, or crimes.  Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

89.     By reason of the aforementioned acts and omissions, Plaintiff CORRALES has endured substantial pain and suffering.

90.     Defendants CITY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff CORRALES and other individuals similarly situated.

91.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the Plaintiff CORRALES's constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants CITY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind Plaintiff CORRALES's injuries.

16

92.     The acts of each of Defendants DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

93.     Based on information and belief, the following are examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the CITY routinely ratifies such behavior, fails to train its officers, and maintains a practice of allowing such behavior:

> (a)     In *Giles v. City of Lompoc*, case number 2:15-cv-05560-SJO-JPR, plaintiff alleged that the involved LPD officers used excessive and unreasonable force against Michael Giles, and the case ended in a $300,000 settlement.

94.     Accordingly, Defendants CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. § 1983.

95.     Plaintiff CORRALES seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seek reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

### Municipal Liability for Failure to Train (42 U.S.C. § 1983)

(By PLAINTIFF CORRALES against CITY and DOES 9-10, inclusive)

96.     Plaintiff CORRALES repeats and re-alleges each and every allegation in paragraphs 1 through 95 of this Complaint with the same force and effect as if fully set forth herein.

97.     Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, acted under color of law.

98.     The acts of Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, deprived Plaintiff CORRALES of his particular rights under the United States Constitution.

99.     On information and belief, Defendant CITY failed to properly and adequately train Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, including but not limited to, with regard to the deployment of police K9s and the use of physical force, less than lethal force, and lethal force.

100.    The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including de-escalation techniques, and both the use of less than lethal and lethal force.

101.    The training that the CITY's law enforcement officers, including Defendants GARZA, STRONG, MOLINA, and DOES 1-8, should have received with regards to the deployment of a police K9 against an unarmed man and failure to summon timely medical care after a citizen suffers severe K9 bites causing serious injuries, includes training that officers should not deploy a K9 on an unarmed subject who posed no threat of harm to officers or anyone else.

102.    Defendant CITY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

103.   The failure of Defendants CITY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of Plaintiff CORRALES's rights by Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff CORRALES's rights as to be the moving force that caused the ultimate injury.

104.   The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that Defendant CITY failed to adequately train its officers, more specifically the failure to train with regard to the use of force:

(a)   In *Giles v. City of Lompoc*, case number 2:15-cv-05560-SJO-JPR, plaintiff alleged that the involved LPD officers used excessive and unreasonable force against Michael Giles, and the case ended in a $300,000 settlement.

105.   Accordingly, Defendants CITY and DOES 9-10, inclusive, are liable to Plaintiff CORRALES for compensatory damages under 42 U.S.C. § 1983.

106.   Plaintiff CORRALES seek damages for their past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seek reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

/ / /

**SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Ratification (42 U.S.C. § 1983)**

(By PLAINTIFF CORRALES against CITY and DOES 9-10, inclusive)

107.   Plaintiff CORRALES repeats and re-alleges each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, acted under color of law.

109.   The acts of Defendants GARZA, STRONG, MOLINA, and DOES 1-8, inclusive, deprived Plaintiff CORRALES of his particular rights under the United States Constitution.

110.   Upon information and belief, a final policymaker, acting under color of law, has a history of ratifying the unconstitutional response to peaceful protest and unreasonable uses of force, including deadly force.

111.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning Defendants GARZA's, STRONG', MOLINA's, and DOES 1-8's, acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of Defendants GARZA's, STRONG's, MOLINA's, and DOES 1-8's, acts.

112.   On information and belief, CITY final policymakers, including DOES 9-10, inclusive, knew that Plaintiff CORRALES never presented a risk of harm to an officer or anyone else and that Plaintiff CORRALES complied with officers' commands.

113.   On information and belief, the official policies with respect to the incident are that officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others, or if the individual has inflicted death or serious bodily injury against someone or threatened to do so, the officers may use deadly force to

prevent the individual's escape.  The officers' actions deviated from these official policies because Plaintiff CORRALES did not pose an immediate threat of death or serious bodily injury to the involved officers or anyone else.

114.   Upon information and belief, a final policymaker has determined that the acts of GARZA, STRONG, MOLINA, and DOES 1-8 were "within policy."

115.   The following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that Defendant CITY routinely ratifies such behavior:

(a)   In *Giles v. City of Lompoc*, case number 2:15-cv-05560-SJO-JPR, Plaintiff alleged that the involved LPD officers used excessive and unreasonable force against Michael Giles, and the case ended in a $300,000 settlement.

116.   By reason of the aforementioned acts and omissions, Defendants CITY and DOES 9-10, inclusive, are liable to Plaintiff CORRALES for compensatory damages under 42 U.S.C. § 1983.

117.   Plaintiff CORRALES seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

/ / /

/ / /

/ / /

## **EIGHTH CLAIM FOR RELIEF**

### **False Arrest/False Imprisonment**

(PLAINTIFF CORRALES against DEFENDANTS CITY, GARZA, STRONG, MOLINA, and DOES 1-8)

118.   Plaintiff CORRALES repeats and re-alleges each and every allegation in paragraphs 1 through 117 of this Complaint with the same force and effect as if fully set forth herein.

119.   As alleged in detail above, Defendants GARZA, STRONG, MOLINA, AND DOES 1-8, while working as officers for the LPD and acting within the course and scope of their duties, intentionally deprived Plaintiff CORRALES of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 detained Plaintiff CORRALES without reasonable suspicion and arrested him without probable cause.

120.   Plaintiff CORRALES did not knowingly or voluntarily consent.

121.   Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 detained Plaintiff CORRALES for an appreciable amount of time.

122.   The conduct of Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 was a substantial factor in causing the harm to Plaintiff CORRALES.

123.   As a result of their misconduct, Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 are liable for Plaintiff CORRALES's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

124.   Defendant CITY is vicariously liable for the wrongful acts of Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

125.   Plaintiff CORRALES seeks compensatory damages for the violations of his rights, including for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.

126.   The conduct of Defendants GARZA, STRONG, MOLINA, AND DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff CORRALES, entitling Plaintiff CORRALES to an award of exemplary and punitive damages to be proven at trial.

## NINTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(By PLAINTIFF CORRALES Against Defendants CITY and GARZA, STRONG, MOLINA, and DOES 1-8)

127.   Plaintiff CORRALES repeats and realleges each and every allegation in paragraphs 1 through 126 of this Complaint with the same force and effect as if fully set forth herein.

128.   At all relevant times, Defendants GARZA, STRONG, MOLINA, and DOES 1-8 were working as police officers for the LPD and was acting within the course and scope of their duties as police officers for the CITY.

129.   After Defendants GARZA and STRONG arrived at 421 South U Street in Lompoc, California they began to ask Plaintiff CORRALES to back up. Plaintiff CORRALES complied with these orders and did not pose a threat of harm to the officers or any other person. Nevertheless, Defendants GARZA, STRONG, and DOES 1-8 released their police K9 to attack Plaintiff CORRALES.

130.   The police K9 bit Plaintiff CORRALES, inflicting injuries to his leg and arm and causing him to fall to the ground bleeding and in severe pain.  The use of force, including but not limited to Defendants' deployment of the police K9

23

and taser, was excessive, objectively unreasonable and contrary to basic police officer training, including because Plaintiff CORRALES had not committed any crime, Plaintiff CORRALES posed no immediate threat of death or serious bodily injury to any person, and Plaintiff CORRALES was complying with orders from officers.  At no time was Plaintiff CORRALES armed with a knife or gun.

131.   As a direct and proximate result of the conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 as alleged above, Plaintiff CORRALES suffered serious injuries, including complex and gaping lacerations to his leg and arm.

132.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8 had no legal justification for using force against Plaintiff CORRALES, and said Defendants GARZA, STRONG, MOLINA, and DOES 1-8's  use of force while carrying out their duties as police officers was an unreasonable use of force, particularly because Plaintiff CORRALES did not pose an immediate threat to the life of any individual, including any officer, at the time of the release of the police K9, Plaintiff CORRALES was not armed with a knife or gun at any relevant time, and because Plaintiff CORRALES was complying with Defendants GARZA, STRONG, MOLINA, and DOES 1-8'S orders.

133.   The CITY is vicariously liable for the wrongful acts of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

134.   The conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff CORRALES, entitling Plaintiff CORRALES to an award of exemplary and punitive damages, which Plaintiff CORRALES seeks under this claim.

135.   Plaintiff CORRALES seeks compensatory damages for the violations of his rights, including for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.

## TENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(By PLAINTIFF CORRALES against all DEFENDANTS)

136.   Plaintiff CORRALES repeats and realleges each and every allegation in paragraphs 1 through 135 of this Complaint with the same force and effect as if fully set forth herein.

137.   Police officers, including Defendants GARZA, STRONG, MOLINA, and DOES 1-8, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless objectively reasonably necessary.

138.   Defendants CITY, GARZA, STRONG, MOLINA, and DOES 1-10 breached this duty of care. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

a)   Defendants STRONG, MOLINA, and DOES 1-8's failure to constitutionally respond to Plaintiff CORRALES'S home.

b)   Defendants GARZA, STRONG, MOLINA, and DOES 1-8's failure to properly and adequately assess the need to use force against Plaintiff CORRALES.

c)   Defendants GARZA, STRONG, MOLINA, and DOES 1-8's negligent tactics and handling of the situation with Plaintiff

CORRALES, including the failure to give Plaintiff CORRALES a warning prior to force being used.

d)      Defendants GARZA, STRONG, MOLINA, and DOES 1-8's negligent use of force against Plaintiff CORRALES.

e)      Defendants GARZA, STRONG, MOLINA, and DOES 1-8's failure to provide prompt medical care to Plaintiff CORRALES.

f)      the failure to properly train and supervise employees, including Defendants GARZA, STRONG, MOLINA, and DOES 1-8.

g)      the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff CORRALES.

139.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff CORRALES suffered past and future financial loss, serious and permanent physical injuries, impairment, disfigurement, past and future emotional and mental distress, and past and future medical expenses.

140.    The CITY is vicariously liable for the wrongful acts of Defendants GARZA, STRONG, MOLINA, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

141.    Plaintiff CORRALES seeks damages for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seeks reasonable attorneys' fees and costs under this claim.

## **ELEVENTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress (California Common Law)**

(By PLAINTIFFS CORRALES, ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA against GARZA, STRONG, MOLINA, and DOES 1-8, inclusive)

142.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 141 of this Complaint with the same force and effect as if fully set forth herein.

143.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, while working for the CITY and acting within the course and scope of their duties as police officers, intentionally and with reckless disregard, inflicted severe emotional distress on Plaintiffs when they deployed their police K9 to bite Plaintiff CORRALES in the presence of Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA for an extended period of time and with no justification.

144.   At no point throughout the relevant time was Plaintiff CORRALES armed, nor did he pose a threat to anyone's safety.

145.   Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA were present at or near the scene of the incident when the use of a police K9 against their family member, Plaintiff CORRALES, occurred, and observed the incident. Plaintiff ORTIZ lost consciousness at the scene after witnessing the police K9 attack her son, Plaintiff CORRALES.

146.   As a direct and proximate cause of Defendants GARZA, STRONG, MOLINA, and DOES 1-8's conduct, Plaintiffs CORRALES, ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA were caused to suffer severe emotional distress, including but not limited to, paralyzing fear, anxiety, anguish, humiliation, and other injuries to their nervous systems.

147.   Plaintiff ORTIZ is the natural mother of Plaintiff CORRALES. Plaintiffs ENRIQUE CARRANZA and BULMARO CARRANZA are the natural half siblings of Plaintiff CORRALES.

148.   Plaintiffs CORRALES, ORTIZ, ENRIQUE CARRANZA, AND BULMARO CARRANZA bring this claim in their individual capacities and seek compensatory damages for their severe emotional distress resulting from observing the negligent use of force against Plaintiff CORRALES.

## TWELFTH CLAIM FOR RELIEF

### Negligent Infliction of Emotional Distress (California Common Law)
(By PLAINTIFFS ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA against all DEFENDANTS)

149.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 148 of this Complaint with the same force and effect as if fully set forth herein.

150.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, while working for the CITY and acting within the course and scope of their duties as police officers, negligently and carelessly inflicted severe emotional distress on Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA when they intentionally and for an extended period of time deployed their police K9 to bite Plaintiff CORRALES in the presence of Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA.

151.   Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA were present at or near the scene of the incident when the use of a police K9 against their family member, Plaintiff CORRALES, occurred, observed the incident, and were aware that Defendants' actions were causing injury to Plaintiff CORRALES. Plaintiff ORTIZ lost consciousness and fell to the floor at the scene after witnessing the police K9 attack her son, Plaintiff CORRALES.

152.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8's conduct was a substantial factor in causing Plaintiffs ORTIZ, ENRIQUE CARRANZA, and BULMARO CARRANZA to suffer severe emotional distress, including but not limited to, paralyzing fear, anxiety, anguish, humiliation, and other injuries to their nervous systems.

153.   Plaintiff ORTIZ is the natural mother of Plaintiff CORRALES. Plaintiffs ENRIQUE CARRANZA and BULMARO CARRANZA are the natural half siblings of Plaintiff CORRALES.

154.   Plaintiffs ORTIZ, ENRIQUE CARRANZA, AND BULMARO CARRANZA bring this claim in their individual capacities and seek compensatory damages for their severe emotional distress resulting from observing the negligent use of force against their family member, Plaintiff CORRALES.

## THIRTEENTH claim for relief

### Violation of the Bane Act (Cal. Civil Code § 52.1)

(By PLAINTIFF CORRALES against all DEFENDANTS)

155.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 154 of this Complaint with the same force and effect as if fully set forth herein.

156.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.  An intent to violate a person's constitutional rights can be inferred by a reckless disregard for the person's such rights.

157.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8, while working for the CITY and acting within the course and scope of their duties as police officers, intentionally committed, and attempted to commit acts of violence against Plaintiff CORRALES, including by unleashing a police K9 against him

without justification or excuse. After Defendants GARZA, STRONG, MOLINA, and DOES 1-8 released the police K9 to attack Plaintiff CORRALES and as Plaintiff CORRALES lay bleeding on the ground, Defendants GARZA, STRONG, MOLINA, and DOES 1-8 deployed a Taser against Plaintiff CORRALES, did not offer to render any sort of medical aid and waited an unjustifiably long period of time before summoning medical care.

158.   When Defendants GARZA, STRONG, MOLINA, and DOES 1-8 unleashed the police K9 on Plaintiff CORRALES and allowed him to lie bleeding on the ground, they interfered with Plaintiff CORRALES'S constitutional rights to be free from unreasonable searches and seizures, to equal protection of the laws, to timely and adequate medical care, and to be free from state actions that shock the conscience, and to life, liberty, and property.

159.   On information and belief, Defendants GARZA, STRONG, MOLINA, and DOES 1-8 intentionally and spitefully committed the above acts to discourage Plaintiff CORRALES from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy. Defendants GARZA, STRONG, MOLINA, and DOES 1-8 intentionally interfered with the above constitutional rights of Plaintiff CORRALES, and as alleged herein, which can be demonstrated by Defendants GARZA, STRONG, MOLINA, and DOES 1-8's reckless disregard for Plaintiff CORRALES'S constitutional rights.

160.   On information and belief, Plaintiff CORRALES reasonably believed and understood that the violent acts committed by Defendants GARZA, STRONG, MOLINA, and DOES 1-8 were intended to discourage him from exercising the above constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

161.   The conduct of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 was a substantial factor in causing Plaintiff CORRALES's harms, losses, injuries, and damages.

162.   The CITY is vicariously liable for the wrongful acts of Defendants GARZA, STRONG, MOLINA, and DOES 1-8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

163.   Defendants GARZA, STRONG, MOLINA, and DOES 9-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

164.   Defendants GARZA, STRONG, MOLINA, and DOES 1-8'S conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff CORRALES's rights, justifying an award of exemplary and punitive damages as to Defendants GARZA, STRONG, MOLINA, and DOES 1-8.

165.   Plaintiff CORRALES seeks compensatory damages for the violations of his rights, including for his past and future pain and suffering including: impairment, disfigurement, emotional distress, mental anguish, embarrassment, loss of quality of life; past and future medical expenses, lost profits, past and future lost wages, and loss of earning capacity under this claim.  Plaintiff CORRALES also seeks punitive damages, costs, and attorney's fees and a multiplier under California Civil Code section 52 *et seq*. as to this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs JESUS CORRALES; ERICA ORTIZ; ENRIQUE CARRANZA; BULMARO CARRANZA, request entry of judgment in their favor against Defendants CITY OF LOMPOC; HENRY STRONG; DANIEL GARZA; GABRIEL MOLINA; and DOES 1-10, inclusive, as follows:

1.　For compensatory damages, according to proof at trial, under federal and State law.

2.　For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

3.　For statutory damages.

4.　For reasonable attorneys' fees including litigation expenses.

5.　For costs of suit and interest incurred herein.

6.　For such other and further relief as the Court may deem just and proper.

DATED: August 16, 2021　　　　　　**LAW OFFICES OF DALE K. GALIPO**

By:　　　 */s/　　Dale K. Galipo*
　　　　　Dale K. Galipo, Esq.
　　　　　*Attorney for Plaintiffs*

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2

 PLAINTIFFS hereby submit this demand that this action be tried in front of

3

a jury.

4

5

DATED: August 16, 2021 **LAW OFFICES OF DALE K. GALIPO**

6

7

 By:    */s/    Dale K. Galipo*

8

 Dale K. Galipo, Esq.
*Attorney for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28