Dale K. Galipo, SBN 144074
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118
E-mail:       dalekgalipo@yahoo.com

Attorney for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORRALES; ERICA ORTIZ; ENRIQUE CARRANZA; and BULMARO CARRANZA,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>CITY OF LOMPOC; HENRY STRONG; DAVID GARZA; GABRIEL MOLINA; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. **2:21-CV-06629-CJC-GJS**<br><br>*Honorable Cormac J. Carney*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:    March 7, 2022<br>Time:    1:30 p.m.<br>Ctrm:    9B |

# <u>TABLE OF CONTENTS</u>

**MEMORANDUM OF POINTS AND AUTHORITIES** ................................................................. 1

**I.    INTRODUCTION** ......................................................................................................... 1

**II.   STATEMENT OF RELEVANT FACTS** ................................................................. 2

**III.  LEGAL STANDARD** ................................................................................................. 3

**IV. ARGUMENT** .................................................................................................................. 4

    A.    CORRALES'S CLAIMS ARE NOT HECK-BARRED BECAUSE A SUCCESSFUL PROSECUTION OF THIS CIVIL SUIT WOULD NOT NECESSARILY IMPLY THE INVALIDITY OF CORRALES'S CONVICTION ........................................................ 4

    B.    PLAINTIFF CORRALES'S MONELL CLAIMS ARE NOT BARRED ........................................................ 8

        i.    *Unconstitutional Custom, Practice, and Policy* ................................................................. 9

        ii.    *Failure to Train* ................................................................................................ 10

        iii.    *Ratification* ..................................................................................................... 12

    C.    PLAINTIFFS' NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIMS ARE ADEQUATELY PLED ............................................................................................................ 13

    D.    PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS ARE ADEQUATELY PLED ............... 16

**V.    CONCLUSION** ............................................................................................................. 18

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

## Cases

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................3

*Beets v. Cty. of Los Angeles,*
    669 F.3d 1038 (9th Cir. 2012) ................................................7

*Blankenhorn v. City of Orange,*
    485 F.3d 463 (9th Cir. 2007) ...............................................11

*Burgess v. Sup. Ct.,*
    2 Cal. 4th 1064 (1992) .........................................................16

*Canton v. Harris,*
    489 U.S. 378 (1989) .............................................................11

*Carlsen v. Koivumaki,*
    227 Cal. App. 4th 8793 (2014) .............................................14

*Christie v. Iopa,*
    176 F.3d 1231 (9th Cir. 1999) ..............................................12

*City of Canton v. Harris,*
    489 U.S. 378 (1989) ...............................................................9

*City of St. Louis v. Praprotnik,*
    485 U.S. 112 (1988) .............................................................12

*Davidson v. City of Westminster,*
    32 Cal. 3d 197 (1982) ..........................................................17

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ................................................4

Federal Rules of Civil Procedure, Rule 15 .................................18

*Foman v. Davis,*
    371 US 178 (1962) .................................................................4

*Graves v. City of Stockton,*
    2006 WL 768831 (E.D. Cal. March 27, 2006)......................17

*Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114 (9th Cir. 2013) ...............3

*Heck v. Humphrey,*
    512 U.S. 477 (1994) .....................................................1, 2, 4, 7

*Hernandez v. City of Pomona,*
    46 Cal. 4th 501 (2009).........................................................14

*Hooper v. County of San Diego*,
    394 F.3d 689 (9th Cir. 2011) ............................................................... 5, 7, 8

*Horton v. Cty. of San Diego*,
    No. 21-CV-00400-H-BGS, 2021 WL 2156180, (S.D. Cal. May 27, 2021) ... 14

*Ileto v. Glock Inc.*,
    349 F.3d 1191 (9th Cir. 2003) ................................................................... 13

*Johnson v. City of Shelby, Miss.*,
    135 S. Ct. 346 (2014) .................................................................................. 3

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*,
    507 U.S. 163 (1993) .................................................................................... 3

*Mackey v. Cty. of San Bernardino*
    2012 WL 5471061(C.D. Cal. Sept 28, 2012) ............................................. 7

*Mann v. City of Chula Vista*, No.
    18CV-2525-WQH-MDD, 2020 WL 5759749 (S.D. Cal. Sept. 28, 2020) ..... 14

*Martinez v. Newport Beach City*,
    125 F3d 777 (9th Cir. 1997) ...................................................................... 4

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008) ................ 4

*Molien v. Kaiser Found. Hosps.*,
    27 Cal. 3d 916 (1980) ............................................................................... 16

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ......................................................................... 8, 9, 10, 12

*Nally v. Grace Comm. Church of the Valley*,
    47 Cal. 3d 278 (1988) ............................................................................... 16

*Nunes v. Ashcroft*,
    375 F.3d 805 (9th Cir. 2004) ...................................................................... 4

*Oviatt v. Pearce*,
    954 F.2d 1470 (9th Cir. 1992) .................................................................... 11

*Ownes v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) ................ 4

*Rodriguez v. City of Long Beach*,
    2011 WL 3757122 (C.D. Cal. Aug. 25, 2011) ............................................ 7

*Sanford v. Motts*,
    258 F.3d 1117 (9th Cir. 2001) ..................................................................... 5

*Shaw v. Cal. Dept. of Alcoholic Beverage Control*,
    788 F.2d 600 (9th Cir. 1986) ....................................................................... 9

*Smith v. City of Hemet*,
    394 F.3d 689 (9th Cir. 2005) ................................................................... 5, 10

*Thing v. La Chusa,*
    48 Cal. 3d 644 (1989) ................................................................................ 15

*VanGilder v. Baker,*
    435 F.3d 686\ (7th Cir. 2006) ...................................................................... 7

*Warren v. Marcus,*
    78 F.Supp. 3d 1228 (N.D. Cal. 2015) ......................................................... 13

*Yount v. City of Sacramento,*
    43 Cal. 4th 885 (2008) ........................................................................ 5, 6, 7

## Statutes

42 U.S.C. § 1983 ................................................................................ 3, 5, 7, 12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................... 3

Cal. Gov't Code § 815.2 ................................................................................ 15

Cal. Gov't Code § 820 ................................................................................... 15

California Penal Code § 148(a)(1) ............................................................ passim

California Penal Code §600(b) .................................................................. passim

Federal Rules of Civil Procedure 12(b)(6) ...................................................... 1

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................ 10

Federal Rules of Civil Procedure, Rule 15(a) .................................................. 4

Federal Rules of Civil Procedure, Rule 8 .................................................... 2, 10

Federal Rules of Civil Procedure 8(a)(2) ........................................................ 3

## Other Authorities

Cal. Crim. Jury Instrs. 2670 ............................................................................ 5

Judicial Council of Cal. Civ. Jury Instrs. (2021 edition) CACI No. 440 ................. 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This civil rights and state tort action arises from the unreasonable and excessive use of force against Plaintiff Jesus Corrales by Lompoc Police Department ("LPD") Officer David Garza.  On August 16, 2020, Jesus Corrales heard commotion outside his home and walked outside to see what was happening. When he initially encountered the LPD officers, Plaintiff Corrales delayed them from speaking with a woman sitting in a car outside his home, which formed the basis for his 148(a) conviction. While acting under color of state law and in the course and scope of his duties as an LPD officer, David Garza used excessive and unreasonable force against Jesus Corrales when he unleashed his police K9 on Corrales for an extended and unreasonable amount of time and later tased Corrales while the K9 continued attacking him. Corrales did not pose a substantial threat to the officers at any time throughout the encounter. Mr. Corrales's brothers, Enrique Carranza and Bulmaro Carranza, and his mother, Erica Ortiz, witnessed the attack. After helplessly watching the K9 tear through her son's limbs and pleading for the officers to release the K9's bite for approximately one and a half minutes, Mrs. Ortiz lost consciousness and fell to the floor. Mr. Corrales's brothers were left to tend to their unconscious mother and severely injured brother. Due to the K9's attack, Mr. Corrales suffered complex and gaping lacerations on various areas of his body and was eventually transported to a hospital for treatment. Following the incident, Mr. Corrales was convicted of violating California Penal Code §§ 148(a)(1) and 600(b).

On January 28, 2022, Defendants City of Lompoc, Henry Strong, David Garza, and Gabriel Molina filed a Motion to Dismiss Plaintiff's Second Amended Complaint on the basis of *Heck* and Federal Rule of Civil Procedure 12(b)(6). As explained below, the Defendants' Motion should be denied because Plaintiffs' claims are not necessarily inconsistent with Plaintiffs' convictions under California Penal Code

148(a)(1) and 600(b) and not barred under *Heck*, and Plaintiffs have satisfied the "notice pleading" requirements set forth in Federal Rules of Civil Procedure, Rule 8, as to each of their claims. Because many of the alleged acts that could have formed the basis for these convictions were both spatially and temporally distinct from the use of excessive force, Mr. Corrales's claims are not *Heck*-barred. Further, any lack of specificity with respect to the facts of Plaintiffs' claims at issue is the result of the City's assertion of confidentiality and unwillingness to disclose details of investigations into LPD officer uses of force. Accordingly, this Court should deny Defendants' Motion and hold that Plaintiffs' claims at issue are not *Heck*- barred and satisfy the federal pleading standards set forth in Rule 8. In the alternative, Plaintiff seek leave to amend the Second Amended Complaint ("SAC") to cure any deficiencies identified by this Court.

## II. STATEMENT OF RELEVANT FACTS

On August 16, 2020, Plaintiff Jesus Corrales heard commotion outside, exited his residence to see what was happening and encountered two LPD officers, David Garza and Henry Strong, who were speaking with a woman sitting in a car parked outside Plaintiff Corrales's home. SAC ¶ 23, ECF No. 21. Plaintiff Corrales initially delayed officers from speaking with the woman sitting in the car, *Id*. ¶ 28, but was unarmed and not threatening or attempting to threaten the officers or anyone else. *Id*. ¶ 24. While Plaintiff Corrales was inquiring as to why the officers were there, LPD Officer Garza, while acting under color of law and in the course and scope of his duties, unleashed his police canine on Plaintiff Corrales. *Id*. The police canine dragged Plaintiff Corrales onto the ground, and while Corrales writhed in pain, Officer Garza deployed a taser on Corrales. *Id*. ¶¶ 25-26. After the taser deployment, Plaintiff Corrales laid on his stomach with his arms pointed upwards and away from his body, indicating a desire to surrender. Officer Garza nevertheless refused to release the K9's bite for approximately one more minute. All in all, the K9 bit and

yanked Plaintiff Corrales's limbs for approximately one and a half minutes, causing complex gaping lacerations on numerous areas of his body.

Following the incident, Mr. Corrales was charged with violating California Penal Code §§ 148(a)(1) and 600(b). Def. Mot. Dismiss 9:13-21, ECF No. 22. During Mr. Corrales's criminal trial, the presiding judge instructed the jury that the prosecution had alleged numerous separate acts of obstructing, resisting, or delaying in violation of P.C. § 148(a)(1), and the jurors could use any one of those alleged acts to convict Mr. Corrales. Many of the alleged acts were both temporally and spatially distant from the K9 deployment, and the verdict form was silent as to which one of the acts formed the basis for their decision to convict Mr. Corrales. Following the trial, Mr. Corrales was convicted of violating section 148(a)(1) and 600(b).

## III.   LEGAL STANDARD

This Court may grant Defendants' motion to dismiss only if the SAC lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the analysis, the court must accept factual allegations as true and construe the complaint in a light most favorable to the plaintiff. *Id*. at 555. Plaintiffs need not satisfy a heightened pleading standard when seeking damages for violations of constitutional rights under 42 U.S.C. § 1983. *See Johnson v. City of Shelby*, *Miss*., 135 S. Ct. 346, 347 (2014) (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993) (holding that a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal

liability.")) A plaintiff need only plead facts sufficient to show that their claim has substantive plausibility. *Id*. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Federal Rules of Civil Procedure, Rule 15(a), provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit has held that "[t]his policy is applied with 'extraordinary liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Ownes v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Indeed, "leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party." *Foman v. Davis*, 371 US 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F3d 777, 785 (9th Cir. 1997). The Ninth Circuit assesses five factors when considering a motion for leave to amend a pleading: bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether plaintiff has previously amended his or her complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

## IV. ARGUMENT

### A. Corrales's Claims Are Not Heck-Barred Because a Successful Prosecution of this Civil Suit Would Not Necessarily Imply the Invalidity of Corrales's Conviction

Corrales's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because success on Plaintiff Corrales's excessive force claims would not necessarily invalidate his convictions for California Penal Code § 148(a)(1) ("CPC 148") and § 600(b) ("CPC 600").

*Heck* and its progeny indicate that "if a criminal conviction arising out of the same fact stands and is *fundamentally inconsistent* with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (emphasis added). Consequently, "a

§ 1983 action is not barred under *Heck* unless it is *clear from the record* that its successful prosecution would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid." *Id*. at 699 (emphasis added).

It is Defendants' burden to demonstrate that the underlying convictions would be invalidated should Plaintiff Corrales succeed on his § 1983 claim; to do so, they must point to the exact conduct for which Plaintiff Corrales was convicted under CPC 148 and CPC 600. *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001). An allegation of excessive force would not be *Heck*-barred if it were temporally or spatially distinct from the factual basis for a conviction. *Id*. For instance, a plaintiff may bring an excessive force claim if the use of excessive force "occurred *subsequent* to the conduct on which [the] conviction was based." *Id*. at 698. An allegation of excessive force may not be *Heck*-barred even if the event giving rise to the conviction is not temporally or spatially distinct from the allegation of excessive force. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 901 (2008).

CPC 148 criminalizes the conduct of any person who "willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty." Cal. Penal Code § 148(a)(1). In order to convict a defendant of CPC 148, a jury must find that the involved peace officer(s) was lawfully performing his duties while the alleged act of resistance, delay, or obstruction was committed. Cal. Crim. Jury Instrs. 2670. A peace officer is not lawfully performing his duties if he or she is using excessive force. *Id*.

The Ninth Circuit's decision in *Hooper v. County of San Diego*, 394 F.3d 689, 693 (9th Cir. 2011) illustrates how a successful § 1983 prosecution may coexist with a criminal conviction for CPC 148 stemming from the same set of facts. In *Hooper*, the Ninth Circuit held that a conviction under CPC 148 does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during "one continuous transaction." *Id*. at 1134. Citing *Yount*, 43 Cal.

4th at 901, the Court explained "it is sufficient for a valid conviction under § 148(a)(1) that at some time during a 'continuous transaction' an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully." *Id.* at 1132. The Court further explained that an individual's "resisting, delaying, or obstructing" an officer does not lose its character as a violation of CPC 148 if at some other time during that same continuous transaction, the officer uses excessive force. *Id.* In such situations, "two isolated factual contexts exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer." *Id.*

Taking all facts as true and construing the complaint in the light most favorable to Plaintiffs, Plaintiff Corrales's claims are not barred because Defendants have not presented any evidence as to which of Plaintiff Corrales's actions constituted the basis for the CPC 148 conviction. In other words, it is not clear from the record that Mr. Corrales's conviction was based on an act that occurred concurrently with, or even close in time to, Officer Garza's uses of excessive force. During Mr. Corrales's trial, the prosecution alleged numerous acts that could have formed the basis for the CPC 148 conviction, and the judge instructed the jury that they must agree on at least one act to convict Mr. Corrales of violating CPC 148. The verdict form from Mr. Corrales's trial was silent as to which of the alleged acts formed the basis of his conviction. Further, in the SAC, Plaintiffs conceded that Mr. Corrales "delayed officers from speaking with a woman sitting in a car parked outside his home." SAC ¶ 28, ECF No. 21. The jury very well could have found that one of the many acts that was spatially and temporally separate from the prolonged and excessive use of force, such as Mr. Corrales initially verbally delaying the officers from speaking to the woman in the car, justified a conviction under CPC 148, and that Officer Garza used excessive force at a later time. Therefore, the conviction does not "necessarily determine the lawfulness of [Officer Garza's] actions throughout the whole course of [Plaintiff Corrales's] conduct" and

1  Plaintiff Corrales's claims are not *Heck*-barred. *Beets v. Cty. of Los Angeles*, 669 F.3d

2  1038, 1045 (9th Cir. 2012); *Rodriguez v. City of Long Beach*, 2011 WL 3757122, at *5

3  (C.D. Cal. Aug. 25, 2011) ("the lack of clarity over the conduct on which the conviction

4  was based precludes a bar under *Heck*.")

5      In addition, even if Plaintiff Corrales did resist, obstruct, or delay the officers at

6  some point in time, Officer Garza refused to release the police K9 from his bite while

7  Plaintiff Corrales laid on the ground with his hands pointed upwards, clearly indicating

8  a desire to submit to the officers, for approximately one minute. Therefore, even

9  assuming that the encounter was one continuous event, *Heck* still would not bar Plaintiff

10  Corrales's suit if the force used in response to that event was unreasonable. *Yount*, 43

11  Cal. 4th at 887. Any other rule would suggest that "once a person resists law

12  enforcement, he has invited the police to inflict any reaction or retribution they choose,

13  while forfeiting the right to sue for damages." *VanGilder v. Baker*, 435 F.3d 686, 692

14  (7th Cir. 2006); *see also Mackey v. Cty. of San Bernardino* 2012 WL 5471061 at *1

15  (C.D. Cal. Sept 28, 2012) (holding plaintiff's excessive force claims were not *Heck*-

16  barred because the conduct underlying the conviction was sufficiently separate from the

17  use of excessive force, even where the plaintiff shot at sheriff's deputies and was

18  convicted of attempted murder on a peace officer.)

19      Similarly, Mr. Corrales's conviction under CPC 600 does not bar his § 1983

20  claims. CPC 600 criminalizes interference with or obstruction of "a . . . dog being used

21  by a peace officer in the discharge or attempted discharge of his or her duties . . . by

22  frightening, teasing, agitating, harassing, or hindering the . . . dog." Cal. Penal Code §

23  600(b). As detailed above, the Ninth Circuit held in *Hooper* that the plaintiff's earlier

24  conviction for resisting arrest did not bar her excessive force action even though the

25  facts underlying both the conviction and subsequent civil claim were part of "one

26  continuous chain of events." *Hooper*, 629 F.3d at 1133. There, a police officer grabbed

27  the plaintiff's left wrist and told her she was under arrest, at which time the plaintiff

28

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT

jerked her hand away. *Id*. at 1128. A brief, forty-five-second-long struggle ensued during which a K9 bit the plaintiff several times. *Id*. The plaintiff was subsequently convicted of violating CPC 148. *Id*. In holding that the civil suit was not *Heck*-barred, the Court reasoned that "[t]he individual's resisting, delaying, or obstructing the officer does not lose its character as a violation of § 148(a)(1) if, at some other time during the same continuous transaction, the officer uses excessive force or otherwise acts unlawfully." *Id*. at 1132.

Similar to the Plaintiff in *Hooper*, Plaintiff Corrales contends that Officer Garza used excessive force *before* and *after* Plaintiff Corrales violated CPC 600. Taking all facts as true and viewing the facts in the light most favorable to the non-moving party, Plaintiff Corrales's CPC 600 conviction does not bar his excessive force claims. Prior to the deployment of the canine, Plaintiff Corrales was passive, not an immediate threat of harm, and not a flight risk. As such, Officer Garza's deployment of the K9 was excessive *prior to* Plaintiff Corrales's reflexive attempt to release the dog's bit from his arm. In addition, even after Plaintiff Corrales released his grip on the K9 that was tearing through his arm, Officer Garza refused to command the K9 to release his bite for over one minute, thereby using excessive force at a point temporally distinct from the act underlying Plaintiff Corrales's PC 600 conviction.

Thus, the Court, after taking all factual allegations as true and construing the complaint in the light most favorable to the plaintiffs, should find that Plaintiff Corrales's convictions and § 1983 claims "are based on different actions during 'one continuous transaction'" and thus not *Heck*-barred. *Hooper*, 629 F.3d at 1134.

### B. Plaintiff Corrales's Monell Claims Are not Barred

Defendants contend that Plaintiff Corrales's *Monell* claims are barred because: (1) the alleged underlying constitutional violations are barred by *Heck*; and (2) the complaint fails to state factual or legal bases for the claims.

Taking the facts alleged in Plaintiff's SAC as true, which this Court must do in considering Defendants' instant motion, Plaintiff Corrales has adequately pled his fourth claim for unconstitutional custom, practice, or policy, fifth claim for failure to train, and sixth claim for ratification. While a constitutional violation must underly any *Monell* claim, Plaintiff has adequately pled that City officer's actions violated Plaintiff's constitutional rights as explained above.

### i. Unconstitutional Custom, Practice, and Policy

Plaintiffs may establish municipal liability by showing a constitutional violation caused by a policy, custom, or practice of the public entity. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Whereas a policy is a formally adopted rule, statute or guideline adopted by a public entity, customs and practices are more informal in nature, and *Monell* liability may be imposed for a constitutional violation resulting from persistent yet informal conduct of public employees. *Shaw v. Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986). *Monell* liability may also be based on a policy of inaction that amounts to a failure to protect constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The specific elements of this claim under the facts of this case are: (1) the City had an official policy or custom, or even an unofficial defacto policy; (2) Officer Garza was employed by the City of Lompoc; (3) Officer Garza unleashed the K9 on Plaintiff Corrales unjustifiably and refused to command the K9 to release his bite even after Plaintiff Corrales surrendered; (4) Officer Garza's conduct violated Plaintiff Corrales's civil rights; and (5) Officer Garza's actions were the result of the City's official policies.

As to the first element, the Plaintiffs allege that the defendant officers acted pursuant to expressly adopted City policies in paragraphs 63 and 65 of the SAC. As to the second element, the Plaintiffs allege that defendant officers were employed by LPD and the City in paragraphs 6 through 8 of the SAC. The third element is met in

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

paragraphs 24 through 26 of the SAC. As to the fourth element, the Plaintiffs allege that defendant officers' actions violated Plaintiff Corrales's constitutionally protected rights in paragraphs 36 through 60 and paragraph 68 of the SAC. As to the fifth element, Plaintiffs have alleged that the officers' actions were the result of City's official policies in paragraph 63 of the SAC. Thus, Plaintiff's allegations are directly tethered to the facts of Plaintiff's SAC. If this Court finds that Plaintiff has not adequately alleged facts to satisfy the notice pleading standards, Plaintiff request leave to amend.

These facts are not simply general conclusory allegations. These allegations set forth the policies, practices, and customs that are alleged to be the causal link and moving force behind the constitutional violations at issue in this case. The specificity of these policies and customs have met the sufficiency standard set forth by Rule 8 and Rule 12(b)(6).

However, if the Court deems it necessary for Plaintiffs to allege facts with more specificity, Plaintiffs are prepared to add the following facts to their complaint: the relevant LPD official policy relating to K9 handling only requires a handler to consider certain factors prior to releasing a K9 and does not place any limits a handler's use of a K9. For instance, the policy allows handlers to unleash their K9s on passively resisting suspects even though Ninth Circuit caselaw clearly indicates that doing so is unconstitutional. *See Smith*, *supra*, 394 F.3d at 702, 707 (finding excessive force in a case involving a K9 attack on a passively noncompliant suspect). Therefore, while Plaintiffs feel that the facts as alleged in the SAC are sufficient to overcome a motion to dismiss, Plaintiffs request leave to amend in the event that the Court believes amendment is necessary.

### ii.    Failure to Train

*Monell* liability may be based on an affirmative decision to enact training policies that lead to constitutional violations. Alternatively, liability may attach based

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

on a policy of inaction that demonstrates deliberate indifference to constitutional rights: "a local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989); *see also* Ninth Cir. Model Jury Instruction 9.7 (for use where *Monell* liability "is based on a local governing body's policy of inaction, such as a failure to train its police officers.")

Here, Plaintiffs contend that this policy of inaction includes a failure to adequately train deputies working for the City of Lompoc. Under the facts of this case, the elements of this claim are: (1) Plaintiff Corrales was deprived of his constitutional rights; (2) the City of Lompoc had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the person with whom [its officers] are likely to come into contact"; and (3) Plaintiff Corrales's constitutional injuries would have been avoided had the City of Lompoc properly trained the defendant officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007).

As to the first element, Plaintiffs allege that defendant officers' actions violated Plaintiff Corrales's constitutionally protected rights in paragraphs 36 through 60 and paragraph 75 of the SAC. As to the second element, Plaintiffs alleged in paragraph 79 that the training policies or lack thereof, outlined in paragraphs 77 and 78, indicate that the City was deliberately indifferent to the obvious consequences of its failure to train its officers adequately. As to the third element, Plaintiffs have alleged that the City's refusal to provide adequate training caused the deprivation of Plaintiff Corrales's rights and his injuries in paragraph 80 of the SAC.

Defendants argue that, because Plaintiffs have not cited more than one other similar case in the SAC, their failure to train claim should be dismissed. Def. Mot. Dismiss 19:13-21, ECF No. 22. Plaintiffs believe that similar suits stemming from the use of police K9s have been filed and litigated against the City of Lompoc and

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

respectfully request that they be permitted to conduct discovery on this issue. The City should not be permitted to skirt responsibility as a result of their refusal to disclose information and data concerning the use of police K9s against the civilian population whom they are sworn to protect. In fact, as indicated above, the LPD's policy manual itself does not require officers to act within the boundaries of clearly established law, and therefore their training is likely constitutionally deficient as well. As a result, Plaintiffs request that they be permitted to conduct discovery on this issue and maintain that, viewing the facts in the light most favorable to the non-moving party, Plaintiffs have satisfied the notice pleading standard for the failure to train claim.

### iii.    Ratification

Liability under a 42 U.S.C. § 1983 *Monell* theory may also attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). To show ratification, a plaintiff must prove that "authorized policymakers approve a subordinate's decision and the basis for it." *Id*. at 1239 (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality)). Under the facts of this case, Plaintiffs must allege the following elements: (1) Defendant officers acted under color of law; (2) the officers' actions deprived Plaintiff Corrales of his constitutional rights; (3) the final policymaker(s) acted under color of law; (4) the final policymaker(s) had final policymaking authority from the municipality; (5) the final policymaker(s) ratified Defendant officers' acts and the basis for them, and knew of and approved of Defendant officers' acts.

Here, Plaintiffs have satisfied the pleading standards set forth in Rule 8 by alleging each of the foregoing elements in their SAC. The first element is met because paragraph 85 of the SAC alleges that the defendant officers acted under color of law. The second element is met because paragraphs 36 through 60 and paragraph

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

75 of the SAC allege that defendant officers' actions violated Plaintiff Corrales's constitutionally protected rights. The third element is met because paragraph 87 alleges that the final policymaker was acting under color of law. The fourth element is met because paragraph 88 alleges that the final policymaker had final policymaking authority concerning Defendant officers' acts. The fifth element is met because paragraph 91 alleges that the final policymaker has determined the acts of the defendant officers were "within policy." As such, Plaintiffs have satisfied the notice pleading standards and their sixth claim for relief should not be dismissed.

### C. Plaintiffs' Negligence and Negligent Infliction of Emotional Distress Claims Are Adequately Pled

Defendants claim that Plaintiffs' negligence and negligent infliction of emotional distress ("NIED") claims are not viable because: (1) a claim for NIED is not actionable; and (2) Plaintiffs have failed to plead facts sufficient to state a claim for negligence.

As to Defendants' first argument, Plaintiffs recognize that NIED is not a separate cause of action under California law, which is why both torts are pled under Plaintiffs' Eighth Claim for Relief. Moreover, the pleading of NIED under negligence is not duplicative, as it gives defendants notice of exactly what the bystander-Plaintiffs are claiming under the Eighth Claim for Relief.

Defendants' second argument also fails because Plaintiffs have pled sufficient facts to state a claim for negligence. "In order to establish negligence under California law, a plaintiff must establish four elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557 (1990)).

Under California law, "police officers have a duty not to use excessive force." *Warren v. Marcus*, 78 F.Supp. 3d 1228, 1251 (N.D. Cal. 2015 (internal quotation marks omitted)); *see also Mann v. City of Chula Vista*, No. 18CV-2525-WQH-MDD, 2020 WL 5759749, at *9 (S.D. Cal. Sept. 28, 2020) (Under California law, "[p]olice

officers owe 'a duty to use reasonable care' in deciding whether to use and in fact using force.") Thus, a "Plaintiff's excessive force allegations are sufficient to satisfy the duty element of [a] negligence claim at the pleading stage." *See Horton v. Cty. of San Diego*, No. 21-CV-00400-H-BGS, 2021 WL 2156180, at *6 (S.D. Cal. May 27, 2021). Indeed, the California Civil Jury Instructions ("CACI") include a negligence instruction on "Unreasonable Force by Law Enforcement Officer[s] in Arrest[s] or Other Seizure[s]" *See* Judicial Council of Cal. Civ. Jury Instrs. (2021 edition) CACI No. 440. Defendants' reliance on the rule that officers, like members of the general public, have no general legal duty to come to the aid of another person is misplaced. That rule has no application where the individual claiming to have no duty has "caused another to be put in a position of peril of a kind from which the injuries occurred." *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 883 (2014).

Here, Defendant officers created the peril in which Plaintiffs found themselves and took specific actions which contributed to the risk of injury of each individual plaintiff. Further, officers have a duty not to use excessive force and use reasonable care in using force, which Plaintiffs have alleged the Defendant officers did not do. Therefore, as to first element of a negligence claim, Plaintiffs have pled sufficient facts to meet the notice pleading requirements of Federal Rule of Civil Procedure 8(a).

As to the second element of a negligence claim, in determining whether an officer employed unreasonable force and breached his or her duty, a jury must consider various factors, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting or attempting to evade arrest by flight. *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 514 (2009). The following facts pled in the SAC that support a finding of breach: (1) Plaintiff Corrales was unarmed and not threatening any person, SAC ¶ 38; (2) Plaintiff Corrales made no movements or

gestures that would reasonably suggest Plaintiff Corrales was attempting to inflict harm on any person, *Id*.; and (3) Officer Garza deployed a taser against Plaintiff Corrales even though he did not pose a threat to the officers or any other person, *Id*. ¶¶ 40-41. All allegations in the preceding paragraphs of the complaint are incorporated into the eighth claim for relief through paragraph 104 of the SAC, *Id*. ¶ 104. Defendants argue that Plaintiff Corrales's convictions bar a finding of breach. Def. Mot. Dismiss 23:10, ECF No. 22. However, as explained above, Plaintiffs' claims are not barred since Defendant officers' use of excessive force and the facts underlying Plaintiff's convictions can coexist. Further, Defendant City is liable for any involved officers' negligence because, where no immunity applies, the public entity or officer is liable to the same extent as a private individual for negligent conduct that results in injury. Cal. Gov't Code §§ 815.2, 820 (West).

In addition, Plaintiffs' negligent infliction of emotional distress should survive. "[A] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; (3) as a result suffers serious emotional distress." *Thing v. La Chusa*, 48 Cal. 3d 644, 668 (1989). As to the first element, Plaintiff Erica Ortiz is Plaintiff Corrales's natural mother, SAC ¶ 112. Plaintiffs Enrique and Bulmaro Carranza are Plaintiff Corrales's natural half-siblings. *Id*. ¶ 113. As to the second element, Plaintiffs Ortiz, Enrique Carranza, and Bulmaro Carranza were present at or near the scene of the incident when the use of force against their family member occurred and were aware that the Defendants' actions were causing injury to Plaintiff Corrales. *Id*. ¶ 110. Lastly, in paragraph 111 of the SAC, Plaintiffs allege that Plaintiffs Ortiz, Enrique Carranza, and Bulmaro Carranza suffered "severe emotional distress as a result of the incident, including paralyzing

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

fear, anxiety, anguish, humiliation, and other injuries to their nervous systems." *Id*. ¶ 111.

Moreover, Defendants' argument that Plaintiffs' claims are barred because they have not alleged "sufficiently severe emotional distress that manifests itself in physical or other observable ways," Def. Mot. Dismiss 23:21-23, ECF No. 22, is without merit. While Plaintiffs submit they have adequately pled physical injury on behalf of each individual plaintiff, the California Supreme Court has upheld damages for negligently inflicted emotional distress even in the absence of physical injury or impact. *See Burgess v. Sup. Ct.*, 2 Cal. 4th 1064, 1074 (1992); *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 930 (1980).

### D. Plaintiffs' Intentional Infliction of Emotional Distress Claims Are Adequately Pled

The elements of an intentional infliction of emotional distress claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious conduct and the emotional distress. *Nally v. Grace Comm. Church of the Valley*, 47 Cal. 3d 278, 300 (1988).

Defendants contend that Plaintiff Corrales did not allege sufficiently extreme and outrageous conduct for an intentional infliction of emotional distress claim because the alleged conduct is not: (1) intended to inflict injury; or (2) outrageous. Def. Mot. Dismiss 24:22-25:6, ECF No. 22. As to Defendants' first argument, t is difficult to comprehend how the act of releasing a trained police K9, whose sole purpose it is to attack on command, can be anything but an act intended to inflict injury. Defendant Garza intentionally commanded the K9 to attack Plaintiff Corrales, released the K9's leash, allowed the K9 to latch onto Plaintiff Corrales's body, tased Plaintiff Corrales while the K9 was attacking him, and refused to command the K9 to release his bite for an unjustifiably extended period of time, all while Plaintiff

Corrales did not pose a serious threat to any person. SAC ¶¶ 24-28. Therefore, taking all factual allegations as true and construing them in the light most favorable to the non-moving party, Defendant Garza's conduct was intended to inflict injury or, at the very least, undertaken with a reckless disregard of the probability of causing severe emotional distress.

Further, Defendant Garza's actions were sufficiently outrageous to justify an intentional infliction of emotional distress claim. Conduct is outrageous when it "exceed[s] all bounds of that usually tolerated in a civilized community. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

Here, Plaintiffs allege that Officer Garza released and allowed the K9 to attack Plaintiff Corrales, without justification and for an extended period of time, causing numerous complex, gaping lacerations on Plaintiff Corrales's body. Plaintiffs submit that a peace officer, who is sworn to protect and serve, using unjustifiable force on a citizen in view of the citizen's family members and causing severe injury constitutes sufficiently outrageous conduct to satisfy an intentional infliction of emotional distress claim, especially at this stage of the proceedings. *See Graves v. City of Stockton*, 2006 WL 768831, at *5 (E.D. Cal. March 27, 2006) (holding officers siccing canine on subject while subject was restrained and in plain view of subject's family sufficiently extreme to survive summary judgment).

Lastly, Defendants argue that Plaintiffs' convictions preclude Plaintiffs from establishing that Officer Garza's actions were extreme and outrageous. Def. Mot. Dismiss 25:7-15, ECF No. 22. If Defendants' argument were to be accepted, officers would be free to exert as much force as they desired and skirt liability as long as the plaintiff was convicted of a crime in connection with the use of force. Since Plaintiffs have adequately pled facts to satisfy the notice pleading standards, this Court should deny Defendants' motion to dismiss Plaintiff Corrales's intentional infliction of emotional distress claim.

# V.    CONCLUSION

For the foregoing reasons, this Court should deny Defendant City's Motion.  In the alternative, if this Court finds that Plaintiffs have not adequately pled any of their claims at issue, then Plaintiffs request leave to amend their complaint pursuant to Federal Rules of Civil Procedure, Rule 15, to cure any deficiencies identified by this Court.

DATED: February 14, 2022                    LAW OFFICES OF DALE K. GALIPO

                                             /s/ Dale K. Galipo
                                      By: _____
                                             Dale K. Galipo
                                             *Attorney for Plaintiffs*

PLAINTIFFS' OPPOSITION TO DEFENDANT CITY'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT