1  ALESHIRE & WYNDER, LLP
   JEFF M. MALAWY, State Bar No. 252428
2    *jmalawy@awattorneys.com*
   GLEN E. TUCKER, State Bar No. 54709
3    *gtucker@awattorneys.com*
   D. DENNIS LA, State Bar No. 237927
4    *dla@awattorneys.com*
   ANAHIT SARGSYAN, State Bar No. 335226
5    *asargsyan@awattorneys.com*
   2361 Rosecrans Ave., Suite 475
6  El Segundo, California 90245
   Telephone: (310) 527-6660
7  Facsimile: (310) 532-7395

8  Attorneys for Defendants
   CITY OF LOMPOC,
9  HENRY STRONG, DAVID GARZA
   and GABRIEL MOLINA

10                    **UNITED STATES DISTRICT COURT**

11                   **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JESUS CORRALES; ERICA ORTIZ;        Case No. 2:21-CV-06629-CJC-GJS
    ENRIQUE      CARRANZA;      and
14  BULMARO CARRANZA,                   [Assigned to Hon. Cormac J. Carney]

15              Plaintiffs,             **ANSWER OF DEFENDANTS CITY
                                        OF LOMPOC, HENRY STRONG,
16        v.                            DAVID GARZA, AND GABRIEL
                                        MOLINA TO SECOND AMENDED
17  CITY   OF   LOMPOC;    HENRY        COMPLAINT**
    STRONG; DAVID GARZA; GABRIEL
18  MOLINA; and DOES 1-10,

19              Defendants.

20

21

22

23

24

25  / / /

26  / / /

27  / / /

28  / / /

Defendants City of Lompoc, Henry Strong, David Garza, and Gabriel Molina (collectively, "Defendants") hereby answer the Second Amended Complaint for Damages ("SAC") filed by plaintiffs Jesus Corrales, Erica Ortiz, Enrique Carranza, and Bulmaro Carranza ("collectively, "Plaintiffs") by admitting, denying, or alleging as follows.

## INTRODUCTION

1.      Answering Paragraph 1, Defendants admit the SAC alleges civil rights violations and state tort claims seeking damages for alleged excessive use of force against plaintiff Jesus Corrales on August 16, 2020.

## PARTIES

2.      Answering Paragraph 2, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations except for that plaintiff seeks damages under federal and state law.

3.      Answering Paragraph 3, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations except for that plaintiff seeks damages under state laws.

4.      Answering Paragraph 4, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations except for that plaintiff seeks damages under state laws.

5.      Answering Paragraph 5, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations except for that plaintiff seeks damages under state laws.

6.      Answering Paragraph 6, Defendants admit the allegations of this paragraph.

7.      Answering Paragraph 7, Defendants admit the allegations of this paragraph.

8.      Answering Paragraph 8, Defendants admit the allegations of this paragraph.

9.      Answering Paragraph 9, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.  To the extent necessary, however, Defendants admit that it is a municipal corporation and that defendants Henry Strong, David Garza, and Gabriel Molina were employed by the City of Lompoc, and otherwise denies the allegations.

10.     Answering Paragraph 10, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

11.     Answering Paragraph 11, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

12.     Answering Paragraph 12, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.

13.     Answering Paragraph 13, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

14.     Answering Paragraph 14, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.

15.     Answering Paragraph 15, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.

16.     Answering Paragraph 16, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations except for that defendants Henry Strong, David Garza, and Gabriel Molina are sued

in their individual capacity.

17.     Answering Paragraph 17, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

18.     Answering Paragraph 18, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

## JURISDICTION AND VENUE

19.     Answering Paragraph 19, Defendants admit the Court has jurisdiction of this action arising under federal civil rights laws and that the SAC includes supplemental state law claims.

20.     Answering Paragraph 20, Defendants admit the Court has jurisdiction of this action arising under federal civil rights laws and that the SAC includes supplemental state law claims.

21.     Answering Paragraph 21, Defendants admit the allegations of this paragraph.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

22.     Answering Paragraph 22, Defendants incorporate their answers to paragraphs 1 through 21 above as though fully set forth herein.

23.     Answering Paragraph 23, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

24.     Answering Paragraph 24, Defendants deny each and every allegation of this paragraph.

25.     Answering Paragraph 25, Defendants deny each and every allegation of this paragraph.

26.     Answering Paragraph 26, Defendants deny each and every allegation of this paragraph.

27.     Answering Paragraph 27, Defendants deny each and every allegation of this paragraph.

28.     Answering Paragraph 28, Defendants deny each and every allegation of

this paragraph.

29.     Answering Paragraph 29, Defendants deny each and every allegation of this paragraph.

30.     Answering Paragraph 30, Defendants deny each and every allegation of this paragraph.

31.     Answering Paragraph 31, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

32.     Answering Paragraph 32, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

33.     Answering Paragraph 33, Defendants deny each and every allegation of this paragraph except for that plaintiffs seek the alleged damages set forth in the paragraph.

34.     Answering Paragraph 34, Defendants deny each and every allegation of this paragraph except for that plaintiffs seek the alleged damages set forth in the paragraph.

35.     Answering Paragraph 35, Defendants deny each and every allegation of this paragraph except for that plaintiffs seek the alleged damages set forth in the paragraph.

## FIRST CLAIM FOR RELIEF

## UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORE (42 U.S.C. § 1983)

36.     Answering Paragraph 36, Defendants incorporate their answers to paragraphs 1 through 35 above as though fully set forth herein.

37.     Answering Paragraph 37, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.

38.     Answering Paragraph 38, Defendants deny each and every allegation of

this paragraph.

39.     Answering Paragraph 39, Defendants deny each and every allegation of this paragraph.

40.     Answering Paragraph 40, Defendants deny each and every allegation of this paragraph.

41.     Answering Paragraph 41, Defendants deny each and every allegation of this paragraph.

42.     Answering Paragraph 42, Defendants deny each and every allegation of this paragraph.

43.     Answering Paragraph 43, Defendants deny each and every allegation of this paragraph.

44.     Answering Paragraph 44, Defendants deny each and every allegation of this paragraph.

45.     Answering Paragraph 45, Defendants deny each and every allegation of this paragraph.

46.     Answering Paragraph 46, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

## SECOND CLAIM FOR RELIEF

## UNREASONABLE SEARCH AND SEIZURE – DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)

47.     Answering Paragraph 47, Defendants incorporate their answers to paragraphs 1 through 46 above as though fully set forth herein.

48.     Answering Paragraph 48, Defendants deny each and every allegation of this paragraph.

49.     Answering Paragraph 49, are without sufficient information or belief to answer the allegations regarding plaintiff's arrival at the hospital, and on that basis deny the allegations.  Defendants deny each and every remaining allegation of this

1  paragraph.

2      50.     Answering Paragraph 50, Defendants deny each and every allegation of

3  this paragraph.

4      51.     Answering Paragraph 51, Defendants deny each and every allegation of

5  this paragraph.

6      52.     Answering Paragraph 52, Defendants deny each and every allegation of

7  this paragraph.

8      53.     Answering Paragraph 53, Defendants deny each and every allegation of

9  this paragraph.

10     54.     Answering Paragraph 54, Defendants deny each and every allegation of

11 this paragraph.

12     55.     Answering Paragraph 55, Defendants deny each and every allegation of

13 this paragraph except for that plaintiff seeks the alleged damages set forth in the

14 paragraph.

15              **THIRD CLAIM FOR RELIEF**

16          **FAILURE TO INTERVENE – (42 U.S.C. § 1983)**

17     56.     Answering Paragraph 56, Defendants incorporate their answers to

18 paragraphs 1 through 55 above as though fully set forth herein.

19     57.     Answering Paragraph 57, Defendants deny each and every allegation of

20 this paragraph.

21     58.     Answering Paragraph 58, Defendants deny each and every allegation of

22 this paragraph.

23     59.     Answering Paragraph 59, Defendants deny each and every allegation of

24 this paragraph.

25     60.     Answering Paragraph 60, Defendants deny each and every allegation of

26 this paragraph except for that plaintiff seeks the alleged damages set forth in the

27 paragraph.

28

## FOURTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 U.S.C. § 1983)

61.     Answering Paragraph 61, Defendants incorporate their answers to paragraphs 1 through 60 above as though fully set forth herein.

62.     Answering Paragraph 62, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

63.     Answering Paragraph 63, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

64.     Answering Paragraph 64, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

65.     Answering Paragraph 65, Defendants deny each and every allegation of this paragraph.

66.     Answering Paragraph 66, Defendants deny each and every allegation of this paragraph.

67.     Answering Paragraph 67, Defendants deny each and every allegation of this paragraph.

68.     Answering Paragraph 68, Defendants deny each and every allegation of this paragraph.

69.     Answering Paragraph 69, Defendants deny each and every allegation of this paragraph.

70.     Answering Paragraph 70, Defendants deny each and every allegation of this paragraph.

71.     Answering Paragraph 71, Defendants deny each and every allegation of this paragraph.

72.     Answering Paragraph 72, Defendants deny each and every allegation of

this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

### FIFTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY FOR FAILURE TO TRAIN (42 U.S.C. § 1983)

73.    Answering Paragraph 73, Defendants incorporate their answers to paragraphs 1 through 72 above as though fully set forth herein.

74.    Answering Paragraph 74, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

75.    Answering Paragraph 75, Defendants deny each and every allegation of this paragraph.

76.    Answering Paragraph 76, Defendants deny each and every allegation of this paragraph.

77.    Answering Paragraph 77, Defendants deny each and every allegation of this paragraph.

78.    Answering Paragraph 78, Defendants deny each and every allegation of this paragraph.

79.    Answering Paragraph 79, Defendants deny each and every allegation of this paragraph.

80.    Answering Paragraph 80, Defendants deny each and every allegation of this paragraph.

81.    Answering Paragraph 81, Defendants deny each and every allegation of this paragraph.

82.    Answering Paragraph 82, Defendants deny each and every allegation of this paragraph.

83.    Answering Paragraph 83, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

**SIXTH CLAIM FOR RELIEF**

**MUNICIPAL LIABILITY – RATIFICATION (42 U.S.C. § 1983)**

84.    Answering Paragraph 84, Defendants incorporate their answers to paragraphs 1 through 83 above as though fully set forth herein.

85.    Answering Paragraph 85, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

86.    Answering Paragraph 86, Defendants deny each and every allegation of this paragraph.

87.    Answering Paragraph 87, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

88.    Answering Paragraph 88, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

89.    Answering Paragraph 89, Defendants deny each and every allegation of this paragraph.

90.    Answering Paragraph 90, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

91.    Answering Paragraph 91, Defendants deny each and every allegation of this paragraph.

92.    Answering Paragraph 92, Defendants deny each and every allegation of this paragraph.

93.    Answering Paragraph 93, Defendants deny each and every allegation of this paragraph.

94.    Answering Paragraph 94, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

/ / /

/ / /

**SEVENTH CLAIM FOR RELIEF**

**BATTERY (Cal. Govt. Code § 820 and California Common Law)**

95.    Answering Paragraph 95, Defendants incorporate their answers to paragraphs 1 through 94 above as though fully set forth herein.

96.    Answering Paragraph 96, Defendants admit the allegations of this paragraph except for allegations regarding DOES 1-8, to which Defendants are without sufficient information or belief and on that basis deny the allegations.

97.    Answering Paragraph 97, Defendants deny each and every allegation of this paragraph.

98.    Answering Paragraph 98, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

99.    Answering Paragraph 99, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

100.   Answering Paragraph 100, Defendants deny each and every allegation of this paragraph.

101.   Answering Paragraph 101, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

102.   Answering Paragraph 102, Defendants deny each and every allegation of this paragraph.

103.   Answering Paragraph 103, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

**EIGHTH CLAIM FOR RELIEF**

**NEGLIGENCE/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(Cal. Govt. Code § 820 and California Common Law)**

104.   Answering Paragraph 104, Defendants incorporate their answers to paragraphs 1 through 103 above as though fully set forth herein.

105.   Answering Paragraph 105, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.  To the extent necessary, however, Defendants deny each and every allegation of this paragraph.

106.   Answering Paragraph 106, Defendants deny each and every allegation of this paragraph.

107.   Answering Paragraph 107, Defendants deny each and every allegation of this paragraph.

108.   Answering Paragraph 108, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

109.   Answering Paragraph 109, Defendants deny each and every allegation of this paragraph.

110.   Answering Paragraph 110, Defendants deny each and every allegation of this paragraph.

111.   Answering Paragraph 111, Defendants deny each and every allegation of this paragraph.

112.   Answering Paragraph 112, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

113.   Answering Paragraph 113, Defendants deny each and every allegation of this paragraph except for that plaintiffs seek the alleged damages set forth in the paragraph.

114.   Answering Paragraph 114, Defendants deny each and every allegation of this paragraph.

## NINTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (California Common Law)

115.   Answering Paragraph 115, Defendants incorporate their answers to paragraphs 1 through 114 above as though fully set forth herein.

116.   Answering Paragraph 116, Defendants deny each and every allegation of this paragraph.

117.   Answering Paragraph 117, Defendants deny each and every allegation of this paragraph.

118.   Answering Paragraph 118, Defendants deny each and every allegation of this paragraph.

119.   Answering Paragraph 119, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

## TENTH CLAIM FOR RELIEF

## VIOLATION OF THE BANE ACT (Cal. Civil Code § 52.1)

120.   Answering Paragraph 120, Defendants incorporate their answers to paragraphs 1 through 119 above as though fully set forth herein.

121.   Answering Paragraph 121, this paragraph purports to make a boilerplate assertion of legal conclusions without any factual specifics or context, for the possible purpose of stating a claim or issue.  As such, the paragraph does not require admission or denial.

122.   Answering Paragraph 122, Defendants deny each and every allegation of this paragraph.

123.   Answering Paragraph 123, Defendants deny each and every allegation of this paragraph.

124.   Answering Paragraph 124, Defendants deny each and every allegation of this paragraph.

125.   Answering Paragraph 125, Defendants deny each and every allegation of this paragraph.

126.   Answering Paragraph 126, Defendants are without sufficient information or belief to answer the allegations thereof, and on that basis deny the allegations.

127.   Answering Paragraph 127, Defendants deny each and every allegation of this paragraph.

128.   Answering Paragraph 128, Defendants deny each and every allegation of this paragraph.

129.   Answering Paragraph 129, Defendants deny each and every allegation of this paragraph.

130.   Answering Paragraph 130, Defendants deny each and every allegation of this paragraph.

131.   Answering Paragraph 131, Defendants deny each and every allegation of this paragraph except for that plaintiff seeks the alleged damages set forth in the paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.   The SAC fails to state facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

2.   Plaintiffs have failed to mitigate his damages, if any, and to the extent of such failure to mitigate, any damages awarded should be reduced accordingly.

**THIRD AFFIRMATIVE DEFENSE**

(Res Judicata and/or Collateral Estoppel)

3.   The SAC is barred by the doctrines of res judicata and/or collateral

1  estoppel including based on *Heck v. Humphrey,* 512 U.S. 477 (1994).

2  ## FOURTH AFFIRMATIVE DEFENSE

3  (Causation)

4  4.    Prior to and at the time of the acts alleged in the SAC, Plaintiffs' acts

5  were the legal and/or proximate cause of the alleged injuries and damages sustained,

6  if any, thereby barring Plaintiffs from recovery in this action.

7  ## FIFTH AFFIRMATIVE DEFENSE

8  (Plaintiff or Third Party Negligence)

9  5.    The SAC, and each purported claim for relief alleged, is barred because

10  Plaintiffs' alleged damages were proximately caused by Plaintiffs' own conduct or

11  negligence or the conduct or negligence of third parties.

12  ## SIXTH AFFIRMATIVE DEFENSE

13  (Causation)

14  6.    Defendants' conduct was not the proximate cause of the alleged

15  deprivation of Plaintiffs' constitutionally protected rights.

16  ## SEVENTH AFFIRMATIVE DEFENSE

17  (Privilege and Justification)

18  7.    Any act of conduct toward Plaintiffs was lawful, privileged, reasonable,

19  justified and made in good faith.

20  ## EIGHTH AFFIRMATIVE DEFENSE

21  (Privilege and Justification)

22  8.    The acts of Defendants were justified on the grounds that they were

23  based on an honest misunderstanding of fact or law.

24  ## NINTH AFFIRMATIVE DEFENSE

25  (No Malice)

26  9.    Any and all official conduct taken by Defendants was taken in good

27  faith and without malicious intent to deprive Plaintiffs of their constitutional rights

28  or to cause injury.

Case No. 2:21-CV-06629-CJC-GJS
DEFENDANTS' ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT

1

## TENTH AFFIRMATIVE DEFENSE

2

(California Government Code Immunities)

3       10.     Insofar as Plaintiffs' allegations are brought or otherwise premised on

4   state law, the alleged acts or omissions by Defendants were the result of the exercise

5   of discretion vested in public employees and therefore immune from liability

6   pursuant to California Government Code sections 815, 815.2, 820.4, 820.2, and

7   California Penal Code sections 847, 836, 836.5, and 849.

8

## ELEVENTH AFFIRMATIVE DEFENSE

9

(Lawful Arrest)

10      11.     The detention, arrest, and/or search or seizure complained of herein and

11  any subsequent detention, arrest, search and/or prosecution were lawfully made in

12  that reasonable and probable cause for the detention, arrest, and/or search and

13  seizure existed at the time of the occurrence.

14

## TWELFTH AFFIRMATIVE DEFENSE

15

(Qualified Immunity)

16      12.     Defendants at all times herein acted within the scope of their discretion,

17  in good faith, with due care, and pursuant to applicable rules, regulations, and

18  practices.  Defendants believed that at all times their conduct was in accordance

19  with the Constitution and the laws of the United States and California, and therefore

20  are entitled to qualified immunity.

21

## THIRTEENTH AFFIRMATIVE DEFENSE

22

(Discretionary Immunity)

23      13.     Defendants are public employees and allege that each and every claim

24  for relief is barred by the doctrine of discretionary immunity.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

(Comparative Fault)

27      14.     The claims are reduced *pro tanto* by the comparative fault or

28  carelessness and negligence of Plaintiffs, and the extent of damages sustained by

1  Plaintiffs, if any, should be reduced in proportion to the amount of negligence of
2  Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

15.    The SAC is barred against Defendants because Plaintiffs assumed the
risk of injury alleged.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Performance of Lawful Duties)

16.    Defendants complied with all of their legal duties and obligations owed
to Plaintiffs, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages)

17.    None of Defendants acted with malicious, intentional, reckless, or
callous indifference to Plaintiffs' constitutional rights to justify punitive damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Compliance with Government Claims Act)

18.    The SAC is barred in whole or in part for Plaintiffs' failure to comply
with the mandatory procedures set forth pursuant to the Government Claims Act
prior to filing this action.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Variance with Claim Filed)

19.    To the extent that Plaintiffs complied with the Government Claims Act,
the SAC is barred in whole or in part, insofar as it varies from the tort claim filed.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Duty of Care)

20.    The SAC is barred under applicable law because Defendants did not
owe any duty or obligations to Plaintiffs.

-17-

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Unclean Hands)

21.     The SAC is barred by the doctrine of unclean hands.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for the following relief:

1.     Plaintiffs take nothing by virtue of their SAC;

2.     The SAC be dismissed with prejudice;

3.     For attorneys' fees;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

DATED: March 22, 2022       ALESHIRE & WYNDER, LLP
                            JEFF M. MALAWY
                            GLEN E. TUCKER
                            DENNIS D LA
                            ANAHIT SARGSYAN


                            By:    /s/ D. Dennis La
                                _____
                                D. DENNIS LA
                                Attorneys for Defendants City of Lompoc,
                                Henry Strong, David Garza, and Gabriel
                                Molina

# PROOF OF SERVICE

*Jesus Corrales v. City of Lompoc, et al*
**USDC Case No. 2:21-CV-06629-CJC-GJS**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 2361 Rosecrans Ave., Suite 475, El Segundo, CA 90245.

On March 22, 2022, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS CITY OF LOMPOC, HENRY STRONG, DAVID GARZA, AND GABRIEL MOLINA TO SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Dale K. Galipo<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br><br>Telephone:  (818) 347-3333<br>Facsimile:  (818) 347-4118 | *Attorneys for Plaintiffs*<br>JESUS CORRALES, ERICA ORTIZ, ENRIQUE CARRANZA and BULMARO CARRANZA |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2022, at El Segundo, California.

_____
Diane Branche